# No. 24-30229

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**UNITED STATES OF AMERICA**
*Plaintiff-Appellee*

v.

**SARAH ELAINE FOGLE; JEREMIAH MICAH DEARE**
*Defendants-Appellants*

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA**

---

# REPLY BRIEF OF APPELLANT SARAH ELAINE FOGLE

---

**Christopher A. Aberle**
**Attorney at Law**
**P.O. Box 8583**
**Mandeville, LA  70470-8583**
**(985) 871-4084**
**caaberle@gmail.com**

*Attorney for Appellant* **Sarah Elaine Fogle**

# Table of Contents

Arguments in Reply

    1.    Willfulness is not proved merely by showing that Fogle engaged in prohibited conduct. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    2.    The Government fails to show why its blatant misrepresentation of the evidence in closing argument is not plain error. . . . . . . . . . . . 5

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# Table of Authorities

*Cases*

*United States v. Nora*, 988 F.3d 823 (5th Cir. 2021). . . . . . . . . . . . . . . . . . . . . . 3, 5

*United States v. Shah*, 95 F.4th 328 (5th Cir. 2024) . . . . . . . . . . . . . . . . . . . . . . . 3

*Statutes, Codes & Rules*

18 U.S.C. § 921(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## Arguments in Reply

**1.   Willfulness is not proved merely by showing that Fogle engaged in prohibited conduct.**

In an effort to prove that Fogle acted willfully, that is, with knowledge that her conduct violated federal gun sales laws, the Government at trial expended substantial effort trying to convince the jury that Fogle was privy to a meeting between her newlywed arms-dealer husband Jeremy Deare and an ATF agent, a meeting at which the latter two purportedly discussed the fine points of when selling one's personally owned firearms at a gun show crosses the line between the permissible selling of a personal firearms collection and the unlawful business of selling firearms without a dealer's license, a topic that was not otherwise relevant to the purpose of the meeting, which was to discuss the gun-store violations committed by Deare.

But in response to Fogle's argument on appeal that the Government's efforts at trial failed entirely—having presented no evidence that Fogle had attended any such meeting—the Government pivots to the position that such evidence was never necessary to prove guilt. Hence, the Government now argues that Fogle's claim that evidence of her presence at any meeting did not exist is "irrelevant to sufficiency analysis."[1] The Government argues, instead, that evidence of willfulness was amply

---

[1] Red Brief at 40.

displayed by her several unabashed admissions to having acquired firearms with her husband only to turn around and overtly sell them at gun shows as part of a personal collection.²

In so arguing, the Government merely demonstrates that Fogle acted *knowingly*, that is, her actions were "done voluntarily and intentionally."³ Fogle concedes that her actions were undertaken knowingly. But nothing the Government points to demonstrates that she also acted with the purpose of violating the law, that is, "with the knowledge that [her] conduct was unlawful."⁴ To the contrary, Fogle's seemingly shameless willingness to carry out her husband's instructions merely reflects that she did not realize that she was doing anything illegal.

As a fallback argument, the Government contends that the warning conference and the blog post do, in fact, constitute evidence of willfulness. Regarding the blog post, the Government imputes to Fogle the requisite knowledge of the gun laws applicable to this case from a document that does little more than explain that gun dealers are legally bound to perform background checks but that there is a gun show

---

² *Id*. at 40-44.

³ *United States v. Shah*, 95 F.4th 328, 377 (5th Cir. 2024). *See* ROA.4702 (as instructed by the district court).

⁴ *United States v. Nora*, 988 F.3d 823, 834 (5th Cir. 2021). *See* ROA.4700 (as instructed by the district court).

loophole.⁵ More important, nothing in this post indicates that Fogle did not simply believe that her husband, whom she could rightly trust as being knowledgeable, was merely exploiting that loophole in a perfectly legal manner.

Regarding the warning conference, the Government says that a jury could reasonably infer that Fogle, despite being a mere bystander at that meeting, would have learned that Deare could lose his dealer's license if he did not correct the deficiencies identified by the agent. This is a point without a purpose given that none of those deficiencies concerned the gun regulations with which the Appellants are charged with violating in this case.⁶

The Government next accuses Fogle of ignoring the fact that the "'personal collection' carve out is likely an affirmative defense (not an element of the crime) and thus not a relevant concern for this Court's evidentiary review."⁷ The contention misses the mark. Fogle does not maintain that she is not guilty because of the "personal collection" exception to the gun-sales licensing requirement. Indeed, she acknowledges that the personal-collection defense would not have been viable under

---

⁵ Red Brief at 44-45.

⁶ *See Nora*, 988 F.3d at 831 (rejecting Government's argument that willfulness of violation of specific regulation was proved inferentially with evidence of the defendant's general familiarity with the broader subject area).

⁷ Red Brief at 45-46.

the facts of this case. Rather, Fogle simply asserts that prior to her arrest, she did not understand that what she and her husband were doing was unlawful.

The Government concludes it rebuttal with the related assertion that Fogle "had to have been aware of § 921(a)(21)'s 'personal collections' safe harbor" because Deare and Fogle bought and sold guns "like business inventory" yet characterized the guns as being legitimately part of a personal collection.[8] In other words, the Government is arguing that because Fogle knew that one may sell a personal firearm collections without the requirement of a firearms dealer's license, then she must have known that their gun-show sales did not qualify as permissible sales of private collections under the offense statute.

This argument fails to address the dispositive question, which is whether Fogle knew that her and Deare's conduct was a misuse of the personal-collections exception to the licensing requirement. Indeed, that one generally does not need to be a licensed gun dealer to sell one's personally owned firearms is hardly arcane information, such that having such knowledge surely does not compel the conclusion that one must be familiar with the text of 18 U.S.C. § 921(a)(21)(C) and its interpretation.

---

[8] *Id.* at 46-47.

**2.    The Government fails to show why its blatant misrepresentation of the evidence in closing argument is not plain error.**

The Government does not and cannot dispute that it twice told the jury during closing argument that Fogle was present when Agent Hurtsell discussed the definition of what it means to be "engaged in the business" of selling firearms when, in fact, the Government presented no such evidence that this occurred. Yet, the Government maintains on appeal that it is not "clear and obvious" that it argued facts that were not in evidence because Fogle was present when *other* gun regulations were discussed with her husband.[9] This is precisely the sort of reasoning this Court rejected in *Nora*.[10]

The Government additionally argues that Fogle's substantial rights were not affected by the error because of the "overwhelming evidence" of willfulness and further argues that, in any case, the jury was instructed that argument is not evidence.[11] Fogle has already squarely addressed these contentions above and in her opening brief.

---

[9] Red Brief at 49-51.

[10] 988 F.3d 831 ("A juror would have to make a speculative leap about the content of these trainings and meetings—that they somehow alerted Nora to the unlawfulness of Abide's practices and the actions he took to support them. A rational juror would need more to conclude that Nora acted "willfully.").

[11] Red brief at 51-52.

## Conclusion

Because the Government failed to prove that Fogle acted willfully, her conviction should be reversed. Alternatively, because the Government in its closing arguments substantially misrepresented the evidence it relied on to prove willfulness, her conviction should be vacated and the matter remanded for a new trial.

Respectfully submitted,

/s/ *Christopher Albert Aberle*
Christopher Albert Aberle
Attorney at Law
PO Box 8583
Mandeville, LA 70470-8583
(985) 871-4084
caaberle@gmail.com
*Attorney for Appellant*, Sarah Elaine Fogle

## Certificate of Service

I certify that a copy of this reply brief was electronically filed this January 23, 2025, with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

I further certify that (1) required privacy redactions have been made, 5TH CIR. R. 25.2.13; (2) the electronic submission is an exact copy of the paper Document, 5TH CIR. R. 25.2.1; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

/s/ *Christopher Albert Aberle*
Christopher Albert Aberle