# No. 24-30229

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States of America,

Plaintiff - Appellee

v.

Sarah Elaine Fogle; Jeremiah Micah Deare,

Defendants – Appellants

**On Appeal from**
United States District Court for the Western District of Louisiana

6:21-CR-212-2

## REPLY BRIEF OF APPELLANT JEREMIAH DEARE

SUBMITTED BY:

Andre' Robert Belanger
Manasseh, Gill, Knipe & Belanger, P.L.C.
8075 Jefferson Highway
Baton Rouge, LA 70809

## TABLE OF CONTENTS

Contents                                                                                                                 Page(s)

TABLE OF CONTENTS ................................................................................... i

TABLE OF AUTHORITIES .............................................................................1

ARGUMENT .....................................................................................................2

CONCLUSION ..................................................................................................6

CERTIFICATE OF SERVICE .........................................................................7

CERTIFICATE OF COMPLIANCE ................................................................8

# TABLE OF AUTHORITIES

**Cases**                                                                    **Pages(s)**

*New York State Rifle & Pistol Ass'n v. Bruen*,                              3, 4
597 U.S. 1 (2022)


*District of Columbia v. Heller*,
554 U.S. 570, 631-32 (2008)                                                  4


*Kolender v. Lawson*,
461 U.S. 352, 357 (1983)                                                     5


*United States v. Davis*,
139 S. Ct. 2319, 2323 (2019)                                                 5


See *FCC v. Fox Television Stations, Inc.*,
567 U.S. 239, 253 (2012)                                                     5


*Loper Bright Enterprises v. Raimondo*,
603 U.S. 369 (2024)                                                          6


*United States v. Clark*,
582 F.3d 607, 614 (5th Cir. 2009)                                            6

# ARGUMENT

The Government contends that the licensing and record keeping requirements under 18 U.S.C. § 922(a)(1)(A) are supported by historical precedent and thus do not infringe upon the Second Amendment rights of private individuals. This argument is untenable under the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), which mandates that the Government justify modern firearm regulations by demonstrating a well-established historical tradition of analogous regulations. Because the Government has failed to meet this burden, its argument must be rejected.

## I.    The Government Fails to Identify a Historical Tradition of Comparable Regulations

Under *Bruen*, when a law restricts conduct protected by the plain text of the Second Amendment, the Government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. *Id.* This tradition must be "well-established and representative," not derived from isolated or outlier laws. The Government fails to meet this standard.

First, the Government points to early laws regulating firearm sales, but these historical statutes—such as those restricting sales to certain groups (e.g., Native Americans and enslaved persons)—do not resemble the modern requirement that

private individuals obtain a federal license merely to engage in private firearm transactions. These historical laws were discriminatory in nature and were not general prohibitions applicable to all citizens. See *District of Columbia v. Heller*, 554 U.S. 570 (2008) (rejecting reliance on racially discriminatory gun laws as valid historical precedents for modern firearm restrictions).

Second, the Government attempts to analogize the FFL requirement to 18th and 19th-century commercial regulations. However, *Bruen* rejects the notion that the Government may impose modern licensing requirements simply because historical governments regulated some aspects of commerce. The relevant inquiry is whether there exists a historical tradition of requiring private citizens to obtain Government permission before engaging in firearm transactions, and no such tradition exists.

## II. The Term "Engaged in the Business" is Unconstitutionally Vague

The statutory phrase "engaged in the business" as applied in this case is unconstitutionally vague because it fails to provide sufficient clarity to individuals of ordinary intelligence regarding what conduct is prohibited. Under the void-for-vagueness doctrine, a criminal statute must define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. *Kolender v. Lawson*, 461 U.S. 352 (1983).

The Government argues that 18 U.S.C. § 921(a)(21) and § 922(a)(1)(A) contain a clear and common-sense definition of "engaged in the business." However, courts have consistently found that statutory definitions requiring subjective interpretation of an individual's intent or financial motive create unconstitutional vagueness. See *United States v. Davis*, 558 U.S. 45 (2019) (holding that criminal statutes must provide clear notice and not delegate excessive discretion to law enforcement).

Here, the statute differentiates between a "hobbyist" and a "dealer" by requiring that an individual's "principal objective" be "livelihood and profit." 18 U.S.C. § 921(a)(21)(C). This standard is inherently ambiguous and fails to establish a clear threshold for criminal liability. A person attending gun shows and selling firearms for various reasons—whether to liquidate a collection, improve a collection, or fund additional acquisitions—has no objective way to determine when their activity crosses the undefined boundary into illegal conduct. Courts have recognized that such subjective and indeterminate standards are constitutionally impermissible. See *FCC v. Fox Television Stations, Inc.*, 567 U.S. 239 (2012) (finding that laws that fail to articulate clear standards violate due process).

### III. The Government's Interpretation Leads to Arbitrary Enforcement

The vague language in § 921(a)(21) allows prosecutors and law enforcement to arbitrarily determine when a person has crossed the line from lawful private transactions into illegal business activity. The fear here is that statutes granting excessive discretion to law enforcement invite arbitrary enforcement and selective prosecution, thereby failing the constitutional test of clarity.

The Government itself relies heavily on ATF interpretations and agency guidance to define what conduct constitutes being "engaged in the business." However, the Supreme Court's recent decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), abolished *Chevron* deference, thereby eliminating reliance on agency interpretations to resolve statutory ambiguity. Without *Chevron* deference, the vague statutory language cannot be clarified by ATF's administrative guidance, further reinforcing the unconstitutionality of the statute as applied to Deare.

### IV. The Government's Policy Justifications Do Not Cure the Statute's Deficiencies

The Government's argument that the statute serves public safety interests is irrelevant under the vagueness doctrine. This is not a "public safety" concern, rather it is about "due process". Furthermore, the Government cannot salvage the statute by arguing that it is only applied to obvious cases of commercial firearm dealing.

The vagueness doctrine, in essence, extends due process requirements to individuals whose conduct falls within statutory indeterminate gray areas of statutory language. Here, Deare's conduct—attending gun shows, exchanging firearms, and modifying his collection—is precisely the type of activity that falls into a gray area, making the statute unconstitutional as applied.

## CONCLUSION

The statutory definition of "engaged in the business" is unconstitutionally vague because it fails to provide clear notice of the prohibited conduct and invites arbitrary enforcement. The Government's reliance on historical analogues and agency interpretations does not cure these defects. Under established precedent, Deare's conviction must be reversed due to the unconstitutional vagueness of 18 U.S.C. § 921(a)(21) and § 922(a)(1)(A).

Accordingly, the district court's denial of Appellant's motion to dismiss should be reversed, and the indictment should be dismissed.

SUBMITTED BY:
<u>S/Andre' Robert Belanger</u>
Manasseh, Gill, Knipe & Belanger, P.L.C.
8075 Jefferson Highway
Baton Rouge, LA 70809

## CERTIFICATE OF SERVICE

I certify that on January 27, 2025, the foregoing document was forwarded via email on today's date to parties/counsel(s).

S/Andre' Robert Belanger

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), and 5th Cir. R32.1: this document contains 1221 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5), and 5th Cir. R32.1 and the type-style requirements of Fed. R. App. P. 32(a)(6) because:  this document has been prepared in a proportionally spaced typeface using Microsoft Word with Times New Roman 14 Point Font.

S/Andre' Robert Belanger